UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJAA BOUYAGHROUMNI,

Plaintiff,

v.

SEATTLE'S UNION GOSPEL
MISSION,

Defendant.

CASE NO. 2:26-cv-02018-JNW

ORDER DENYING PLAINTIFF'S
SECOND MOTION FOR A
TEMPORARY RESTRAINING ORDER

This matter comes before the Court on pro se Plaintiff Rajaa Bouyaghroumni's second motion for a temporary restraining order (TRO), Dkt. No. 16, and the accompanying declarations, Dkt. Nos. 17, 18. The Court has reviewed the motion and DENIES it for the reasons stated below.

As a threshold matter, it is unclear whether Bouyaghroumni has served Defendant Seattle Union Gospel's Mission ("Union Gospel"). She states that she "will serve" the TRO motion, the "related preliminary injunction motion, additional declaration, and notice of withdrawal", and various exhibits on "Defendant's known representatives." Dkt. No. 16 at 1–2. But notice must occur before or at the same time the motion is filed, not at some point in the future. LCR 65(b)(1).

**ORDER** denying plaintiff's second motion for a temporary restraining order - 1

Bouyaghroumni's certificate of service names the individuals she identifies as Union Gospel's "known representatives," Dkt. No. 16 at 10–11, but it is unclear whether those individuals will accept service on behalf of Union Gospel. The certificate of service does, however, list the email addresses for Union Gospel's counsel of record, who have appeared in this case.

Setting aside the notice issue, the motion fails for a more fundamental reason. A temporary restraining order is "an extraordinary remedy" available only when the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Bouyaghroumni's motion satisfies neither of the first two elements.

Bouyaghroumni identifies several legal theories, but alleges no facts showing a likelihood that she will prevail on them. She states that Union Gospel's staff asked her to sign a "benchmark" document, which she fears will be used to justify a future eviction, and that a Union Gospel manager "followed" her and pressured her to sign it. Dkt. No. 16 at 7. Ultimately, she did not sign. *Id.* Speculation about the possibility of future wrongdoing, supported only by conclusory statements, does not establish a likelihood of success on the merits. Nor does the motion explain how Union Gospel's attempts to tie program participation to Bouyaghroumni's continued residency violates the Fair Housing Act.

As for the likelihood of irreparable harm, Bouyaghroumni acknowledges that Union Gospel has withdrawn its earlier move-out notice, but characterizes that

withdrawal as a "temporary cessation" that does not eliminate the threat of a future move-out notice. *Id*. at 7–8. The possibility that Union Gospel might issue a move-out notice at some point, however, is not the same as an imminent eviction. Given the withdrawal of the existing notice, the harm Bouyaghroumni seeks to prevent does not presently exist.

Accordingly, Bouyaghroumni's motion for a temporary restraining order is DENIED. Dkt. No. 16.

Dated this 30th day of June, 2026.

Jamal N. Whitehead
United States District Judge